EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>César Echevarría González | 2020 TSPR 72<br><br>204 DPR _____ |

Número del Caso:  TS-4,896

Fecha:  17 de julio de 2020

Abogado de la parte peticionaria:

Por derecho propio

Programa de Educación Jurídica Continua:

Lcda. María Cecilia Molinelli González

Materia:  La suspensión será efectiva el 28 de julio de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

César Echevarría González          TS-4,896

PER CURIAM

San Juan, Puerto Rico, a 17 de julio de 2020.

Ante el incumplimiento con nuestras órdenes y con los requerimientos del Programa de Educación Jurídica Continua (PEJC), nos vemos en la obligación de ejecutar nuestra autoridad disciplinaria y suspender inmediata e indefinidamente al Lcdo. César Echevarría González del ejercicio de la abogacía.[1]

I

El 12 de abril de 2019, la Lcda. María C. Molinelli González, Directora del PEJC presentó un *Informe sobre incumplimiento con el requisito de*

---

[1] El Lcdo. César Echevarría González (licenciado Echevarría González) fue admitido al ejercicio de la abogacía el 11 de diciembre de 1975 y, a pesar de que prestó juramento como notario el 6 de febrero de 1976, fue separado de la notaría mediante Opinión *Per Curiam* el 21 de mayo de 1985.

*educación jurídica continua* (Informe) mediante el cual nos refirió al licenciado Echevarría González por el incumplimiento con educación jurídica continua correspondiente a los periodos de 1 de julio de 2013 al 30 de junio de 2016 (2013-2016) y el 1 de julio de 2016 al 30 de junio de 2019 (2013-2019). Además, entre las multas y el referido a este Tribunal, el letrado adeudaba $300.[2] En atención al Informe, el 28 de mayo de 2019, le ordenamos al letrado que nos mostrara causa por la cual no debíamos suspenderlo de la profesión legal por incumplir con las exigencias del PEJC.

El licenciado Echevarría González compareció mediante *Moción informativa* y explicó las situaciones de salud que lo aquejaban, sin embargo, aun así, se comprometió a cumplir con esta Curia y con los requisitos del PEJC. A raíz de esta situación y a pesar de que le conferimos un plazo de 60 días para que nos presentara una Certificación actualizada del PEJC, el letrado incumplió. Así, mediante Resolución de 11 de diciembre de 2019 y advertido de que el incumplimiento conllevaba la suspensión de la profesión legal, le extendimos un término final e improrrogable de 20 días para que obedeciera con nuestra orden, no obstante no compareció.

---

[2] La Regla 30(E) del Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XXVII-E, en esencia establece que, por cada periodo incumplido por el profesional del Derecho, éste tendrá que pagar $50. Entretanto la Regla 32(D) del mismo cuerpo reglamentario dispone, en síntesis que, en caso de que el Programa de Educación Jurídica Continua se vea en la obligación de referir a un miembro de la profesión legal ante esta Curia, éste tendrá que pagar $100. El 15 de noviembre de 2019 el PEJC sometió una certificación en la que acredito que el licenciado Echevarría González realizó el pago correspondiente a las multas por los periodos incumplidos por $300.

II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, (Canon 9) establece que los profesionales del Derecho deben "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[3] Por eso, los miembros de la profesión legal conocen que no atender nuestras órdenes constituye una infracción al Canon 9, *supra*, y lacera nuestro poder inherente de regular la profesión. En consecuencia, tal desafío acarrea la separación inmediata e indefinida del ejercicio de la abogacía.[4] Asimismo, hemos expresado que lo anterior es extensivo a los requerimientos de nuestros brazos auxiliares, entre los cuales se encuentra el PEJC.[5]

III

El PEJC presentó el Informe 12 de abril de 2019 y el último plazo de 20 días lo extendimos el 11 de diciembre de 2019. Al licenciado Echevarría González le hemos concedido varias oportunidades para que comparezca y nos acredite que cumplió con los requisitos y requerimientos del PEJC. Sin embargo, el letrado no ha obedecido nuestro mandato. No podemos pasar la ocasión para apuntar que el hecho de que el letrado pagó por las infracciones correspondientes a los periodos incumplidos y al referido que formuló el PEJC, no exime al abogado de respetar nuestras resoluciones y cumplir

---

[3] In re Silva Iglecia, 201 DPR 678, 682 (2019).

[4] In re Segarra Arroyo, 180 DPR 434, 437 (2010).

[5] In re López Pérez, 201 DPR 123, 126 (2018).

con los créditos de educación jurídica continua concernientes a los periodos 2013-2016 y 2016-2019.

Ciertamente, la conducta desplegada por el licenciado Echevarría González denota ausencia de interés en la profesión y constituye una falta de respeto tanto hacia el Tribunal como para el PEJC. Lamentablemente, su infracción al Canon 9, *supra*, exige que suspendamos de manera inmediata e indefinida al licenciado Echevarría González de la profesión legal.

IV

Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del Lcdo. César Echevarría González del ejercicio de la abogacía.

El señor Echevarría González deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolverles los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente la suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

Notifíquese esta Opinión *Per Curiam* y Sentencia mediante correo electrónico y por teléfono.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In Re:


César Echevarría González


**TS-4896**


**SENTENCIA**


San Juan, Puerto Rico, a 17 de julio de 2020.


Por los fundamentos expuestos, decretamos la suspensión inmediata e indefinida del Lcdo. César Echevarría González del ejercicio de la abogacía.

El señor Echevarría González deberá notificar de forma inmediata a sus clientes que, por motivo de su suspensión, no podrá continuar proveyéndoles consultoría ni representación legal, y debe devolverles los expedientes de cualquier caso ya atendido o pendiente de resolución y los honorarios que haya percibido por cualquier trabajo no realizado. De igual manera, tendrá la responsabilidad de informar inmediatamente la suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con todo lo anterior, dentro del término de 30 días, contado a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia.

**Notifíquese** esta Opinión *Per Curiam* y Sentencia mediante correo electrónico y por teléfono.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                                            José Ignacio Campos Pérez
                                            Secretario del Tribunal Supremo